# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDY MCCUTCHEN | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 15-2706 |
| v. | : | |
| | : | |
| MIKE WENEROWICZ, *et al.* | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this 15th day of May 2018, upon consideration of the pleadings and record herein, and after a careful and independent consideration of the *Report and Recommendation* submitted by United States Magistrate Judge Carol Sandra Moore Wells, [ECF 27], and a *de novo* consideration of Petitioner's objections thereto, [ECF 28], it is hereby **ORDERED** that:

1. Petitioner's objections are **OVERRULED**, as to all of Petitioner's claims except Petitioner's claim seeking relief pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012).

2. The *Report and Recommendation* is **APPROVED** and **ADOPTED**, as to all of Petitioner's claims except Petitioner's claim seeking relief pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012).

3. Petitioner's petition for a writ of *habeas corpus* is **DENIED** and **DISMISSED**, in part, with the exception of Petitioner's claim seeking relief pursuant to *Miller v. Alabama*, which will be held in abeyance.[1]

---

[1] In his *habeas* petition, Petitioner contends that: (1) 18 P.S. § 4701 is unconstitutional; (2) the repeal of the Act of June 24, 1939 violated his rights; (3) the Pennsylvania Supreme Court reversed his conviction in 1975 on the grounds of insufficient evidence which resulted in an "implied acquittal;" (4) his prosecution under the Act of June 24, 1939 violated his rights; (5) his retrial violated his rights; (6) his retrial violated his rights because sodomy "was not an Enumerated Felony," under the prior Act; (7) his first trial judge should have recused himself and not participated as a Justice during Petitioner's second Pennsylvania Supreme Court appeal; (8) the Pennsylvania Supreme Court committed misconduct in his second appeal; (9) his life sentence without possibility of parole is unconstitutional because he was a minor at the time of the crime; and (10) all of his attorneys from 1971 to 1985 rendered ineffective

4. No certificate of appealability shall issue.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

assistance. [ECF 1]. On September 15, 2017, the Magistrate Judge issued her *Report and Recommendation*, recommending that Petitioner's claims be dismissed, as not cognizable and/or time-barred, including claim nine, which seeks relief pursuant to *Miller v. Alabama*. This Court has reviewed the pleadings and record, the *Report and Recommendation*, and Petitioner's objections and, at this time, wholly adopts the Magistrate Judge's findings and conclusions as to all claims with the exception of Petitioner's *Miller* claim.

While Petitioner's *Miller* claim also appears to be untimely, this Court will, by separate order, appoint the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Petitioner on this claim. This Court will hold in abeyance its decision on Petitioner's *Miller* claim until the Federal Community Defender Office has an opportunity to respond to the timeliness issue and the merits of the claim.